

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**MIAMI IMMIGRATION COURT**

| EXHIBIT |
| :---: |
| **A** |

Respondent Name:

HERRADA-CRESPO, YASSER LAZARO

To:

HERRADA-CRESPO, YASSER LAZARO
C/O LOREIDYS MARTIN CADENA
3123 DREW WAY
PALM SPRINGS, FL 33406

A-Number:



Riders:

In Removal Proceedings

Date:

05/22/2023

## ORDER OF THE IMMIGRATION JUDGE

Respondent was provided written notification of the time, date, and location of Respondent's removal hearing. INA §§ 239(a)(1), (2). Respondent was also provided a written warning of the consequences under INA § 240(b)(5) that failing to appear at such hearing, other than for exceptional circumstances as defined in INA § 240(e)(1), may result in a hearing held in Respondent's absence and the issuance of an order of removal, provided the Department of Homeland Security (DHS) establishes by clear, unequivocal, and convincing evidence that Respondent is removable and that Respondent or Respondent's representative was provided written notification of the hearing as required under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(A); 8 C.F.R. § 1003.26.

Despite the written notification provided, Respondent failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear. INA § 240(e)(1). Therefore, the immigration court conducted the hearing *in absentia* pursuant to INA § 240(b)(5)(A). At this hearing, the immigration court determined that:

☐    At a prior hearing, Respondent admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.

☒    The DHS submitted documentary evidence relating to Respondent that established the truth of the factual allegations contained in the Notice to Appear. The immigration court finds removability established as charged.

☐    The Respondent, in written pleadings, admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.

☐    Other/Additional Information

The immigration court further finds that Respondent's failure to appear and proceed with any applications for relief constitutes an abandonment of any pending applications for relief or protection from removal and of any applications the respondent may have been eligible to file. Those applications are deemed abandoned and denied for lack of prosecution. *See* 8 C.F.R. § 1003.31(h);*Matter of Perez*, 19 I&N Dec. 433 (BIA 1987); *Matter of R-R*, 20 I&N Dec. 547 (BIA 1992).

**ORDER**: Respondent shall be removed to  CUBA,   or in the alternative to
on the charge(s) contained in the Notice to Appear.

Failure to Depart: If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA§ 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. *See* INA § 243(a)(1).

Immigration Judge: Martinez-Esquivel, Lourdes  05/22/2023

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [ M ] Noncitizen | [  ] Noncitizen c/o custodial officer | [    ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : HERRADA-CRESPO, YASSER LAZARO | A-Number : ███████
Riders:
Date: 05/22/2023 By: Martinez-Esquivel, Lourdes , Immigration Judge